FILED
AUG 20 2018
Clerk, U S District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE PAUL CUMMINGS, et al. )
)
Plaintiffs. )
)
)
) Civil Action No. 1:18-cv-01846 (UNA)
)
)
)
)
)
)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiffs' *pro se* complaint ("Compl.") and applications for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP applications and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

While the complaint is far from a model in clarity, it appears that the plaintiffs, Paul and Theresa Cummings, have filed suit seeking relief pursuant to the Declaratory Judgment Act. Compl. at 1 ¶ 1. The plaintiffs fail to provide their home addresses, however, based on references made within the complaint, they seem to reside somewhere in Florida. *Id.* at 2 ¶¶ 2-3; 3 ¶ 2, 9 ¶ 2; 10 ¶ 4; 13 ¶ 4.

The complaint consists of a rambling narrative of various grievances, without context or connection. The plaintiffs are generally distressed regarding an unemployment compensation hearing held in Dade County, Florida, a rescinded job offer from the Miami-Dade Fire Department, lack of safety measures in the Miami-Dade sewer-department, an alleged home-raid conducted by

1

Homeland Security, and various "citizen's reports" filed by the plaintiffs with multiple agencies. *Id.* at 2 ¶¶ 1-2; 3 ¶¶ 2-3; 4 ¶¶ 1, 3; 5 ¶ 1; 6 ¶ 1; 8 ¶¶ 1-2; 13 ¶¶ 3-5; 14 ¶¶ 1-2.

The plaintiffs also allege that they have been tracked as night by helicopters that were ". . . rappelling down" and ". . . there to get [them]." *Id.* at 8 ¶ 3. The plaintiffs believe that they are being surveilled and threatened by the FBI. *Id.* at 9 ¶ 1; 10 ¶ 1-3. Lastly, they take umbrage with investigations purportedly conducted by El Paso County Department of Human Services and Florida Department of Children and Families, the latter of which they allege resulted in a SWAT team deployment and the kidnapping of their children. *Id.* at 10 ¶ 4; 11-12; 16 ¶¶ 1-3; 17 ¶ 1.

The plaintiffs do not name any defendants in their case caption. *Id.* at caption. However, in the final paragraph of the complaint, the plaintiffs state that they intend to sue ". . . the United States, Donald Trump [,] and the Prime Minister of Canada, Justin Trudeau." *Id.* at 17 ¶ 3. Neither the causes of action nor the relief sought against the defendants is articulated; the plaintiffs ask the defendants to ". . .tell [them] what have they done with our children," and further ask that the Court provide "clarity for the issue herein." *Id.*

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

The plaintiffs fail to raise a cogent federal question. The parties and causes of against them are unclear. Furthermore, the plaintiffs fail to satisfy the burden to establish diversity jurisdiction.

Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: August 16, 2018

/s/ 
United States District Judge